JOURNAL ENTRY AND OPINION
Plaintiff-appellant appeals the trial court's granting of defendant's motion for summary judgment in her wrongful discharge case.
Appellant Dorothy Hood worked for appellee Classic Cuts Produce Inc. for six and a half years, first as a cutter, then later as a supervisor. On December 16, 1998, Hood met with one of her subordinates, Ms. Block, and Hood's supervisor, Ms. Stevens. The subordinate was reprimanded by Ms. Stevens for refusing to follow Hood's directions, and Hood's supervisor suspended this subordinate. On December 17, 1998, Hood was out for medical testing until December 23, 1998. The day before she returned to work, Hood informed her supervisor that she had been diagnosed with cancer.
Also on the day before Hood returned to work, Ms. Block claimed to the supervisor that Hood had sexually harassed her. One of the officers of the company, Patricia LoPresti, interviewed Block concerning her claims.
On December 23, 1998, the day that Hood returned to work following medical tests which diagnosed her cancer, Hood was fired for sexually harassing Block. Hood claims that the sexual harassment charge was a pretext for a wrongful disability discharge.
Hood sued her former employer, and the trial court granted summary judgment to the employer.
Appellant states one assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE APPELLEE'S MOTION FOR SUMMARY JUDGMENT WAS SUPPORTED PRIMARILY BY HEARSAY EVIDENCE.
Appellant's amended complaint stated four causes of action: first, violation of R.C. 4112.02(A), discharge because of handicap; second, retaliatory discharge; third, tortious violation of public policy; and fourth, intentional infliction of emotional distress. The second count for retaliatory discharge was dismissed by appellant on March 20, 2000.
Unfortunately, very little evidence is available in this case because what was attempted to be introduced either was not properly authenticated or was withdrawn. Hood bases her entire appeal on the narrow issue that two of the paragraphs of an affidavit offered by her employer Patricia LoPresti, the officer of the company who interviewed Block, in support of summary judgment are inadmissible because they are hearsay. The employer's only evidence was this affidavit by one of the co-owners of the company. The two paragraphs in dispute follow:
 6. Ms. Block [the woman alleging sexual harassment] had said that [Hood told her]:
1. She wanted to work her tongue on her body ;
 2. That if Evelina [Ms. Block] and Ms. Hood were to get together Evalina wouldn't have to worry about her job; and
 3. That she told Ms. Hood to leave her alone and that Ms. Hood would merely laugh.
 11. Due to the sexual harassment claims and Ms. Hood's admission, during the investigation, that she had made many sexually inappropriate comments, we felt that there was no alternative but to terminate Ms. Hood's employment with Classic Cuts.
At the trial level, employer Classic Cuts argued that several of the exhibits Hood attached to her brief in opposition to the summary judgment motion were not properly authenticated and therefore should not be admitted. Those two exhibits are expert reports, which plaintiff attempted to authenticate in her sur-reply by attaching an affidavit sworn by her attorney that he had received them from the experts. The trial court struck both expert witness reports, and plaintiff apparently withdrew affidavits from her attorney and from a co-worker. Appellant's affidavit was the only evidence remaining to support her case.
At issue are two questions: First, without the two paragraphs in the employer's affidavit, would summary judgment have been denied? Second, if the two paragraphs are admissible, is summary judgment appropriate?
When reviewing an appeal of a summary judgment, this court reviews the case de novo. Locsei v. Mayfield School District, No. 75277, unreported, 2000 Ohio App. LEXIS 1179, at *19. Summary judgment is appropriately rendered when no genuine issue as to any material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; it appears from the evidence that reasonable minds can come to but one conclusion;* * * and when the evidence is construed most favorably in favor of the party opposing the motion the conclusion reached is adverse to that party. Id., citations omitted.
The burden of proof in a motion for summary judgment is a shifting one. First, the moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. Dresher v. Burt (1996), 75 Ohio St.3d 280,292 (emphasis in original). Although there is no requirement in Civ.R. 56 that the moving party support its motion for summary judgment with any affirmative evidence, i.e., affidavits or similar materials produced by the movant * * * [,] it is clear that the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on a material element on the nonmoving party's claim. Id. at 292.
Once the moving party has satisfied this criteria, the burden then shifts to the nonmoving party, who has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. Id. at 293.
In addition to this shifting burden of proof in the summary judgment context, the burden of proof for discriminatory discharge also is shifting. McDonnell Douglas and subsequent decisions have `established an allocation of the burden of production and an order for the presentation of proof in * * * discriminatory-treatment cases.' St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506, 125 L.Ed.2d 407, 113 S.Ct. 2742
(1993). First, the plaintiff must establish a prima facie case of discrimination. Reeves v. Sanderson Plumbing (2000), 120 S.Ct. 2097,2106.
If the party alleging discrimination successfully makes a prima facie case, the burden then shifts to the party accused of discrimination to produce sufficient evidence to support a nondiscriminatory explanation for its decision to terminate the employee. Reeves at 2106. However, this burden is one of production, not persuasion ; the employer does not have to prove that his action was nondiscriminatory. It only has to show that it had a nondiscriminatory reason for its action. Id. After the employer has presented such a reason, the burden shifts back to the employee `to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.' Id. quoting Texas Dept. of Community Affairs v. Burdine (1981), 450 U.S. 248, 253.
[T]he burden of proving discrimination remains the plaintiff's at all times. Marcano-Rivera v. Pueblo International, Inc. (Oct. 25, 2000), U.S.Ct.App. 1st Cir. Nos. 99-1702, 99-1703, unreported, 2000 U.S. App. LEXIS 26823, at *13.
In the case at bar, three causes of action remained for consideration in the summary judgment motion: handicap discrimination, tortious violation of public policy, and intentional infliction of emotional distress. Because the handicap discrimination and tortious violation of public policy issues both address the alleged wrongful discharge issue, they will be addressed together.
Wrongful Discharge
 R.C. 4112.02(A) states that it is unlawful [f]or any employer, because of * * * handicap of any person, to discharge without just cause * * * that person * * *.
 Handicap is defined in R.C. 4112.01(A)(13) as a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of physical or mental impairment; or being regarded as having a physical or mental impairment.
R.C. 4112.01(A)(16)(a)(iii) states further that `physical or mental impairment' includes any of the following: * * * Diseases and conditions, including but not limited to * * * cancer * * *.
To establish a prima facie case of wrongful discharge under the Americans with Disabilities Act,
 * * * the person seeking relief must demonstrate (1) that he or she was handicapped, (2) that an adverse employment action was taken by an employer, at least in part, because the individual was handicapped, and (3) that the person, though handicapped, can safely and substantially perform the essential functions of the job in question.
Hood v. Diamond Products (1996), 74 Ohio St.3d 298.
Hood provided an affidavit stating that she told her employer of her cancer diagnosis, and her employer does not dispute that fact. Hood has satisfied, therefore, the first requirement of demonstrating that she was handicapped.
Hood next is required to show that the adverse employment action was taken in part because she was handicapped. The only admissible evidence Hood presents is her own affidavit, and the only references she makes to her illness in conjunction with her employment in the affidavit, are in paragraphs 14, and 16-20.
These paragraphs state
 14. From December 17, 1998 through December 22, I was out for medical testing regarding my condition of colon cancer.
* * *
 16. While I was out for medical testing, Ms. Stevens [her supervisor] paged me daily and sometimes twice a day.
 17. When I would return Ms. Stevens' telephone calls, she would state to me that Carl Lopresti [one of the owners] wanted to know my test results.
 18. On December 22, 1998, I learned form [sic] her doctor, Dr. Magiera, that I had a malignant tumor.
 19. When I returned Ms. Stevens' page that day, December 22, 1998, I informed her that I had been diagnosed with a malignant tumor.
 20. Ms. Stevens then asked me if I was coming to work tomorrow. I informed Ms. Stevens that I would be there, even though I was not feeling well.
 21. When I returned to work, and after the interview with Mr. Burke [the company attorney], I was suspended with pay.
The only connection Hood has made between her illness and her discharge is temporal: the alleged sexual harassment charge was raised on the same day as her diagnosis. Hood provides no evidence and does not even allege that anyone at her employment referenced, discussed, or investigated her cancer or its effect on her job. In fact, most of her affidavit is devoted to disputing the allegations of sexual harassment.
Her employer has provided evidence in the form of an affidavit that Hood's termination was not related to her illness. In the affidavit, Patricia LoPresti, an officer of the company, stated
 10. Although I was aware that Ms. Hood was having some medical issues, these issues did not play into my decision to suspend and/or subsequently terminate Ms.
Hood's employment with Classic Cuts.
 11. Due to the sexual harassment claims and Ms. Hood's admission, during the investigation, that she had made many sexually inappropriate comments, we felt that there was no alternative but to terminate Ms. Hood's employment with Classic Cuts.
 12. Ms. Hood's medical condition played absolutely no role in the decision to terminate her employment with Classic Cuts.
Affidavit of Patricia LoPresti, attached to Defendants' Motion for Summary Judgment.
In her appeal, Hood objects that paragraph 11 is hearsay.
Evid.R. 803(C) explains
 [h]earsay is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted.
However, a statement is not hearsay if it is offered against a party and is (a) his own statement * * *.
Civ.R. 56(E) states that
 [s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.
This court has previously held that [s]tatements contained in affidavits must be based on personal knowledge and cannot be legal conclusions. Brookwood Inn, Inc. v. City of Brook Park, No. 76200, 2000 Ohio App. LEXIS 2337, at *8. Thus any portions of Ms. LoPresti's affidavit which were not in her personal knowledge at the time they were made are inadmissible.
Earlier in her affidavit, LoPresti states that an employee approached her with complaints of sexual harassment by Hood. Paragraph 11 references these claims. In the first clause of the paragraph, (due to the sexual harassment claims) LoPresti is testifying to her knowledge of the claims as they were reported to her, and not to the truth or falseness of the matter asserted in the claims.
Appellant further objects that the second phrase (and Ms. Hood's admission, during the investigation, that she made many sexually inappropriate comments) is inadmissible hearsay. As an alleged admission by the party opponent, however, this statement does not qualify as hearsay under Evid.R. 801(C)(2).
The third portion of the paragraph in question (we felt that there was no alternative but to terminate Ms. Hood's employment with Classic Cuts) states that the employer's decision was based upon its belief that Hood had sexually harassed an employee. The employer's statement is therefore based upon personal knowledge, that is, on why the employer terminated Hood.
Thus even though the challenged paragraphs in the affidavit, both those describing the alleged harassing behavior of Hood and those describing the employer's reasons for termination, are inadmissible as hearsay on the question of whether Hood sexually harassed an employee, Ms. LoPresti's statement is admissible as an explanation of her motive for terminating Hood. That is, the sexual harassment allegation was the reason she terminated Hood. The statement is admissible solely for the purpose of proving that LoPresti believed that the sexual harassment allegation, and not Hood's illness, was the reason Hood was terminated.
Hood additionally must provide evidence for the third prong of the test: that she can safely and substantially perform the essential functions of the job in question. Hood at syllabus 1. Appellant Hood makes no reference at all, however, to her ability or inability to perform the job. The only reference to any limitations resulting from her illness is provided by her expert witness report, dated October 16, 1999, which was excluded from evidence because it was not properly authenticated.[1] As this court stated in Miller v. Premier Industrial Corp. (Mar. 16, 2000), Cuyahoga App. No. 75102, unreported, 2000 Ohio App. LEXIS 1034, at *15, even if appellant * * * show[s] that he is handicapped pursuant to R.C. 4112.01(A)(13), he still fails to set forth a prima facie claim of handicap discrimination because he cannot show that he could safely and substantially perform the essential functions of the [job]. In order to support a claim of handicap discrimination, appellant must present evidence that, in spite of his handicap, he can safely and substantially perform the essential functions of his former position with reasonable accommodations. Degnan v. Goodwill Industries (1995), 104 Ohio App.3d 589, 596. Hood has failed, therefore, to provide the third prong required for her prima facie case. Because of the lack of any proof that she is able to perform the job, this failure is sufficient to defeat Hood's claim.[2]
A plaintiff also had the burden of proving that employer's stated reason for discharge is a pretext. However, because appellant's counsel in the case at bar has failed to make a prima facie case of handicap discrimination, we do not reach the question of whether the employer's reasons for her discharge are pretextual. Intentional Infliction of Emotional Distress
In her complaint, Hood also made a claim for intentional infliction of emotional distress. In her appellate brief, however, appellant did not explain how this particular claim was affected by the challenged hearsay. Because appellant's brief failed to argue with any specificity her claim for intentional infliction of emotional distress this court will not consider it. App.R. 12(A)(2).
The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________ KARPINSKI, P.J.:
JAMES D. SWEENEY, J., CONCURS; MICHAEL J. CORRIGAN, J., CONCURS IN JUDGMENT ONLY.
[1] Expert Report of Dr. Magiera, attached as exhibit 3 to Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment.
[2] Absent a prima facie case, the court cannot proceed to ask whether she could have been accommodated by part-time work or other modifications in her job.